IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC W. GREEN,

      Plaintiff,                    No. CIV S-07-2589 GEB JFM P

  vs.

A. BURKER, et al.,

      Defendants.             ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights complaint pursuant to 42 U.S.C. § 1983. On April 17, 2008, plaintiff filed a request for injunctive relief. Plaintiff claims that the defendants, "their successors in office, agents and employees and all other persons acting in concert," have been retaliating, harassing and threatening plaintiff "based on legal activity." (Id. at 1.)

      Specifically, plaintiff states that his television was broken by staff, then replaced with a defective television, and now they refuse to replace it. Plaintiff also contends that he has not received his state approved package sent by Access Securepak on March 18, 2008.

      The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

1

1  postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).
2  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional
3  deprivations constitute actionable violations of the Due Process Clause.  An authorized
4  deprivation is one carried out pursuant to established state procedures, regulations, or statutes.
5  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of
6  Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

7        In the instant case, plaintiff has not alleged any facts which suggest that the
8  deprivation of his television or package was authorized.  The California Legislature has provided
9  a remedy for tort claims against public officials in the California Government Code, §§ 900, et
10 seq.  Since plaintiff has not attempted to seek redress in the state system, he cannot sue in federal
11 court on the claim that the state deprived him of property without due process of the law.  The
12 court concludes that these property claims are legally frivolous.  See 28 U.S.C. § 1915(d).

13       Moreover, plaintiff may only file new claims in federal court after he exhausts his
14 administrative remedies:

15     "Section 1997e(a) of Title 42 of the United States Code provides:

16     No action shall be brought with respect to prison conditions under
    [42 U.S.C. § 1983], or any other Federal law, by a prisoner
17     confined in any jail, prison, or other correctional facility until such
    administrative remedies as are available are exhausted.
18

19 This exhaustion requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001)."
20 McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see also Porter v. Nussle, 534 U.S.
21 516, 524 (2002).  Exhaustion must precede the filing of the complaint and that compliance with
22 the statute is not achieved by satisfying the exhaustion requirement during the course of an
23 action.  McKinney, 311 F.3d at 1199.

24     California's Department of Corrections provides a four-step
    grievance process for prisoners who seek review of an
25     administrative decision or perceived mistreatment. Within fifteen
    working days of "the event or decision being appealed," the inmate
26     must ordinarily file an "informal" appeal, through which "the

appellant and staff involved in the action or decision attempt to resolve the grievance informally." Cal.Code Regs., tit. 15, §§ 3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not resolved during the informal appeal, the grievant next proceeds to the first formal appeal level, usually conducted by the prison's Appeals Coordinator. Id. §§ 3084.5(b), 3084.6(c). Next are the second level, providing review by the institution's head or a regional parole administrator, and the third level, in which review is conducted by a designee of the Director of the Department of Corrections. [Footnote omitted.] Id. § 3084.5(e)(1)-(2).

Brown v. Valoff, at 929-30.

Plaintiff alleges his legal mail is being held and delayed for weeks before actually being mailed." (April 17, 2008 Request at 4.) Plaintiff has not provided any factual support for this claim. In addition, his request, dated April 14, 2008, was filed with the court on April 17, 2008. (Id.) Plaintiff's amended complaint was signed March 24, 2008, and filed with the court on March 26, 2008. Plaintiff's January 30, 2008 letter and objections were filed in the court on February 4, 2008. Plaintiff's January 29, 2008 letter was filed on February 1, 2008. These gaps in time do not demonstrate that plaintiff's legal mail is being delayed. The record in this case does not support plaintiff's unsubstantiated claim that his legal mail is being delayed by prison officials.

Plaintiff raises general allegations of retaliation, harassment and threats, but he has not identified any of the defendants named herein as the perpetrators of said acts. Petitioner specifically raises claims as to Warden Perez and Correctional Officer Smith; however, they are not named as defendants in this action.

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal

1  point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under
2  any formulation of the test, plaintiff must demonstrate that there exists a significant threat of
3  irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the
4  court need not reach the issue of likelihood of success on the merits. Id.
5        As a general rule this court is unable to issue an order against individuals who are
6  not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S.
7  100 (1969).[1]
8        Speculative injury does not constitute irreparable harm. See Caribbean Marine
9  Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's Bookstore, Inc. v. Superior
10 Court, 739 F.2d 466, 472 (9th Cir. 1984). A presently existing actual threat must be shown,
11 although the injury need not be certain to occur. See Zenith Radio Corp. v. Hazeltine Research,
12 Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert.
13 denied, ___ U.S. ___, 118 S. Ct. 1299 (1998); Caribbean Marine Servs. Co., 844 F.2d at 674.
14       Plaintiff's claims as to Warden Perez and Officer Smith are not related to
15 plaintiff's excessive force claims raised herein. The specific allegations contained within
16 plaintiff's request are not part of the underlying complaint in this action and, therefore, will not
17 be given a hearing on the merits at trial. The general claims are not adequately supported to
18 demonstrate a threat of irreparable harm. Thus, the court will recommend denial of plaintiff's
19 requests.
20       Finally, plaintiff alleges he was moved to general population on April 8, 2008,
21 "without any linen, laundry (blankets, sheets, towels, underwear, etc.) no hygiene, or his

---

[1] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

identification" and, as of April 14, 2008, has been denied his "standard state issue." (April 17, 2008 Request at 4.) The Constitution imposes on prison officials a duty to provide humane conditions of confinement; officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of inmates. Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). Good cause appearing, counsel for defendants will be required to report to the court the status of plaintiff's access to these materials.

In accordance with the above, plaintiff's April 17, 2008 request will be denied without prejudice to its renewal upon a proper showing, with the exception of his request concerning access to clothing and bed linens. The court will address that request after it receives defendants' report.

IT IS HEREBY ORDERED that:

1. Plaintiff's April 17, 2008 request is denied without prejudice to its renewal upon a proper showing; and

2. Within ten days from the date of this order, defendants shall report to the court, in writing, the status of plaintiff's access to clothing and bed linens.

DATED: May 23, 2008.

UNITED STATES MAGISTRATE JUDGE

/001; gree2589.pifb