IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC W. GREEN,

        Plaintiff,                        No. CIV S-07-2589 GEB JFM P

    vs.

A. BURKER, et al.,

        Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights complaint pursuant to 42 U.S.C. § 1983. On August 11, 2008, plaintiff filed a letter which this court construed as a motion to compel production of documents. See Order filed August 26, 2008.

        Defendants object to the form of plaintiff's "motion," and aver that most of the information sought by plaintiff is available to plaintiff through normal institutional procedures. For example, plaintiff may view his central and medical files, as well as the Investigative Services Unit ("ISU") materials related to the January 4, 2007 allegation of assault on staff, including photographs and video, by following institutional procedures. Defendants object to requests 4 and 7 as they were not requests for production of documents. Defendants object to request 6 on the grounds that revealing information about the use of force would be a threat to the safety and security of the institution. Defendants object to requests 9 and 10 as the requests

1

seek character evidence from the personnel files of defendants and plaintiff made no showing of relevance. Finally, defendants object to request 11 as overbroad and unintelligible; plaintiff sought "logbooks" of various facilities. Plaintiff failed to identify what logbooks he seeks. Defendants have also provided a declaration by the Senior Librarian Coordinator, J. Flaherty, attesting to plaintiff's law library access on July 8, 2008, July 18, 2008, August 7, 2008 and August 21, 2008.

Defendants' objections are well taken. Defendants are not required to produce copies of discovery available to plaintiff by following institutional procedures. While defendants are not required to produce copies of photographs or videos as plaintiff cannot maintain those while incarcerated, plaintiff may make arrangements to view the photographs and videos and take notes by following institutional procedures.

Finally, plaintiff seeks to know the location of inmates Williams and Ford. Plaintiff identified inmate Clyde Williams as a witness to the alleged assault; apparently the video of plaintiff's use of excessive force interview includes an interview of Mr. Williams. Counsel for defendants shall provide the court, under seal, with a statement containing the CDC number and present address of inmate Clyde Williams so that the court may ensure his attendance at trial. Plaintiff has failed to identify inmate Ford or explain why plaintiff needs his address. Plaintiff's request for the location of inmate Ford will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's August 11, 2008 motion to compel is granted in part. Within thirty days from the date of this order, defendants shall provide the court, under seal, with a statement containing the CDC number and present address of inmate Clyde Williams. In all other respects, plaintiff's motion to compel is denied. (Docket No. 44.)

DATED: September 19, 2008.

UNITED STATES MAGISTRATE JUDGE

/001; gree2589.mtc