IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC W. GREEN,

        Plaintiff,                    Case No. 2:07-cv-2589 JFM P

    vs.

A. BURKER, et al.,

        Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On January 13, 2009, plaintiff filed a document entitled "Complaint for Injunction." Plaintiff contends he made two requests pursuant to Government Code § 6256, Custodian of Records, of California Commission on Peace Officers Standards and Training.

        Petitioner argues that the information held by this state agency is not confidential and noted his willingness to tender payment for any fees required to obtain copies of the records requested. Plaintiff states that the Commission refused to provide plaintiff with copies of the records requested. Plaintiff seeks judgment against defendants and the above-named agency as follows: (1) a permanent injunction for defendants, or the agency, to provide plaintiff with copies of the records requested; or (2) if the requested records are confidential, for a permanent

1

injunction requiring the defendants to provide the court with said records under seal so the court may forward that information to the United States Marshal. In the exhibits appended to plaintiff's "complaint," plaintiff sought mailing addresses and telephone numbers for two former High Desert State Prison Correctional Officers: Sgt. James Lewis, Badge #53054 and Brian Hollingsworth.

Meanwhile, on January 22, 2009, the undersigned issued findings and recommendations recommending that defendants Sgt. James Lewis and Brian Hollingsworth be dismissed from this action based on plaintiff's failure to timely provide USM-285 forms necessary to serve these two defendants as required by this court's November 7, 2008 order. Plaintiff did not file objections to the findings and recommendations and the district court dismissed defendants Lewis and Hollingsworth on February 26, 2009. Plaintiff did not seek reconsideration of the February 26, 2009 order.

First, the filing of a "complaint for injunction" was procedurally incorrect. None of the parties plaintiff was attempting to obtain information from are named defendants in this action. As a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969)

Second, Rule 4(m) of the Federal Rules of Civil Procedure requires that service of process on named defendants be accomplished no later than 120 days from the filing of a complaint. Plaintiff's amended complaint was filed on March 26, 2008. Plaintiff's efforts to locate these two defendants were untimely. It is unclear whether plaintiff sought this information from other named defendants through discovery. But in any event, discovery had closed by September 15, 2008, well before plaintiff attempted to locate defendants in November of 2008.

Third, plaintiff failed to file objections to the recommendations or to timely seek reconsideration of the district court's order. If plaintiff believed these two defendants were critical to his case, he should have filed objections or sought reconsideration.

1   Fourth, none of plaintiff's allegations concerning excessive force were directed
2 against defendants Lewis or Hollingsworth.  (March 26, 2008 Amended Complaint at 3.)
3   For all of the above reasons, IT IS HEREBY ORDERED that plaintiff's January
4 13, 2009 filing is denied.
5 DATED:  April 21, 2009.

*[signature]*
UNITED STATES MAGISTRATE JUDGE

/001; gree2589.svc

3